# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:10-CV-00012-TBR

**WILLIAM WINCHESTER**                                                                                **PLAINTIFF**

**v.**

**EDUCATION MANAGEMENT CORPORATION, et al.**                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff, William Winchester's, Motion to Disqualify Counsel (DN 8). Defendants have filed a response (DN 13). Plaintiff has filed a reply (DN 18). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion is **DENIED**.

## BACKGROUND

Plaintiff, William Winchester, a current employee at Brown Mackie College-Hopkinsville ("BMC-H"), filed a pro se Complaint alleging violations of: (1) the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d); (2) Title IX of the Education Amendments of 1972 ("Title XI"), 20 U.S.C. §§ 1681 *et seq.*; (3) the Kentucky Civil Rights Act ("KCRA"), KRS 344.010, *et seq.*; and (4) Kentucky common law. These claims are based on alleged sexual harassment of Plaintiff by the various defendants during his employment at BMC-H. Plaintiff has named three corporate entities as defendants: Education Management Corporation ("EDMC"), Brown Mackie College ("BMC"), and BMC-H. Plaintiff has also named three individuals: Brenda Cortez, the president of BMC-H; Linda Kuhlenbeck, a full time instructor at BMC-H; and Diana Wood, Department Chair of the Occupational Therapy Assisting Program and Site Coordinator of the program.

## ANALYSIS

Winchester argues counsel for Defendants is engaging in representation of multiple clients with conflicting interests in violation of the Model Code of Professional Responsibility by

representing both the corporate defendants and the individual defendants.[1] Winchester asks this Court disqualify counsel for Defendants for representing both the corporate defendants and individual defendants.

First, the Court notes "disqualification is a drastic measure which courts should be hesitant to impose except when absolutely necessary." *Zurich Ins. Co. v. Knotts*, 52 S.W.3d 555, 560 (Ky. 2001). Additionally, the Kentucky Professional Rules of Conduct relates in its preamble that

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in a pending litigation . . . [T]he purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.

SCR 3.130 Kentucky Rules of Professional Conduct, Preamble, ¶ XXI.

Next, the Court notes, "[a]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88-89 (5th Cir.1976) (collecting cases). As the Fifth Circuit explained,

> To allow an unauthorized surrogate to champion the rights of the former client would allow that surrogate to use the conflict rules for his own purposes where a genuine conflict might not really exist. It would place in the hands of the unauthorized

---

[1] The Court notes the Model Code of Professional Responsibility no longer governs in Kentucky. The Supreme Court of Kentucky has adopted its version of the Model Rules of Professional Conduct which currently govern. Additionally, this Court recently held that "the Kentucky Rules of Professional Conduct are the 'persuasive authority, if not governing standards, for practice before this Court.'" *Kittle v. C-PLant Fed. Credit Union*, No. 5:08-CV-00114-R, 2010 WL 292689 (W.D.Ky. Jan. 20, 2010) (citing *Carlsen v. Thomas*, 159 F.R.D. 661, 664 (E.D. Ky. 1994). SCR 3.130(1.7) is the rule allegedly violated in this case.

> surrogate powerful presumptions which are inappropriate in his hands. Courts do not generally examine the motives of a moving party in a disqualification motion. Once the preliminary showing is made by the former client, the motion must be granted regardless of whether the former client gains an advantage at the expense of his adversary. We are reluctant to extend this where the party receiving such an advantage has no right of his own which is invaded.

*Id.* at 90 (internal citations omitted). However, the court "acknowledged the possibility of nonclient standing where an 'unethical change of sides was manifest and glaring' or an ethical violation was 'open and obvious,' confronting the court with a 'plain duty to act.'" *FMC Technologies, Inc. v. Edwards*, 420 F.Supp.2d 1153, 1156 (W.D.Wash. 2006) (citing *In re Yarn Processing Patent Validity Litigation*, 530 F.2d at 89).

A minority of courts have allowed a non-client to bring a motion to disqualify relying on the court's "well recognized power to control the conduct of the attorneys practicing before it." *Colyer v. Smith*, 50 F.Supp.2d 966, 969 (C.D.Cal.1999). However the non-client litigant "must establish a personal stake in the motion to disqualify sufficient to satisfy the 'irreducible constitutional minimum' of Article III." *Id.* at 971 (internal citation omitted).

Although the Sixth Circuit has not expressly decided this issue, the Court believes the Sixth Circuit would follow the majority.[2] The Sixth Circuit in *Willis v. First Bank National Association*, stated "plaintiff's standing to assert opposing counsel's alleged conflict of interest is questionable at best," where plaintiff was a non-client litigant moving to disqualify opposing counsel. 916 F.2d 714, *1 (6th Cir. 1990) (unpublished). Here, the Court concludes Plaintiff as a non-client litigant

---

[2] The Court notes the Sixth Circuit has set forth a three part test for determining whether disqualification based on a conflict of interest is warrant. *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882, 889 (6th Cir.1990). The first part of this test requires a past attorney-client relationship between the party seeking disqualification and the attorney it seeks to disqualify. *Id.* Although this does not involve a non-client litigant, it implies that the Sixth Circuit would be disinclined to allow non-client litigants standing to disqualify.

3

does not have standing to disqualify opposing counsel. Nor is this case where the alleged violation was open and obvious confronting the court with a plain duty to act. Therefore, Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiff's Motion to Disqualify is **DENIED**.